CARMEN ESCUDERO Y CABALLERO DE ANGELET, Plaintiff and Appellee, *v.* TOMÁS GONZÁLEZ, Defendant and Appellant.

No. 5893.   Argued November 16, 1932.—Decided December 12, 1932.

*E. Campillo* and *A. Quirós Méndez* for appellant.   *J. P. Miranda* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is an action of unlawful detainer.   The complaint alleges that the plaintiff owns an urban property consisting of a house and lot on Europa Street, ward of Melilla, Santurce, and that on February 9, 1931, defendant, without the consent and against the will of the plaintiff, and without the existence of any contract, or payment of rent or fee, took possession of the said house and used it as his residence.

Defendant answered denying all the allegations of the complaint.   As new matter in opposition he admitted that he was in possession of the house, but alleged that he had a lease from its owner, Emilio Cuadra, through his attorney La O. Flores, paying a monthly rental of twenty dollars.

The trial was set for March 12, 1931, and plaintiff alone appeared and introduced evidence. On the same day the court entered judgment for plaintiff.

The record shows that a "motion for reconsideration" was filed by the defendant on the same day, March 12, 1931. It alleged that defendant had not appeared at the trial because his attorney had thought it had been set for ten o'clock in the morning instead of nine o'clock.

On March 20, 1931, the court entered the following order:

"Upon the motion for reconsideration filed by defendant, and the affidavit of merits attached thereto, the motion is granted and the parties are ordered to appear on the 27th day of March, at 9:00 a.m., to hear whatever evidence the defendant may offer, and in the meantime the judgment entered in this case is suspended until the court shall have decided the motion for reconsideration."

The parties accordingly appeared on the day set and the defendant introduced his evidence. On the merits of this evidence, the court, on March 31, 1931, entered an order the dispositive part of which reads as follows:

"The motion for reconsideration filed by defendant on March 12, 1931, is denied, and the judgment entered by this court on the same date is restored to its full force and effect, provided, however, that the judgment shall be effective from the date the parties are notified thereof."

The defendant was notified by the clerk on April 2, and took this appeal on April 6. His notice of appeal states:

"Defendant, by his attorney, notifies you that feeling agrieved by the judgment rendered in this case and entered on the 20th of this month, which became effective from and after April 2, 1931, date on which this party was notified thereof, he appeals therefrom to the Supreme Court of Puerto Rico."

Appellant in his brief assigns three errors as committed by the court in weighing the evidence introduced by defendant.

As a preliminary matter, appellee maintains that the errors assigned by appellant may not be considered, for this appeal

was taken from the judgment of March 12, 1931, and not from the order of March 31, 1931.

Although appellee's contention is not without some merit, we are of the opinion that it should be dismissed, taking into consideration all the circumstances attending the case. By virtue of the so-called motion for reconsideration, the court reopened the case and allowed defendant to introduce his evidence. Then it did not limit itself to a denial of the motion, but it weighed the evidence introduced and on the strength thereof it considered that its former judgment should prevail "provided, however, that the judgment shall be effective from the date the parties are notified thereof." We have already stated how and when the appeal was taken.

Since it reopened the case, the court should have vacated its original judgment and rendered another based on the pleadings and evidence of both parties, but inasmuch as this is what it did in effect, we believe that justice may best be served by considering and deciding this appeal on the basis of everything which the court had before it when entering its last order.

Let us analyze the evidence. That of the plaintiff consisted in her testimony and the public deed executed before Notary Monserrat on August 26, 1929, by Urrutia, marshal of the District Court of San Juan, in favor of plaintiff.

The plaintiff testified that she owned the house described in the complaint, that she did not know the defendant, who lives in her house without having entered into any agreement with her. The deed, which was recorded in the registry of property on September 6, 1929, evidences the sale of the house and lot in question by the marshal in behalf of Rosario Mojica and her minor children in the foreclosure proceeding brought by plaintiff against Doña Rosario and her children.

The evidence of the defendant likewise consisted in his own testimony and a public deed. There was also another witness, La O. Flores, who said that the parcel in question belongs to Emilio Cuadra and is managed by the witness, and

that as attorney in fact of the owner he leased it to defendant at a monthly rental of $20; that he intervened in the foreclosure proceedings at which Cuadra bought in the property; that the marshal, on January 15—the year is not stated—went with the witness and ordered the persons then living in the house to vacate it within fifteen days. They did so within the period stated, and he took possession of the property for Cuadra.

The testimony of the defendant corroborates that of his attorney in fact. The deed was executed before Notary Enrique Campillo on January 3, 1931. It is recorded in the registry as follows: "The lot to which this document refers is recorded, after examining another . . ." The document was executed by the marshal, Náter, in behalf of the plaintiff in this case, in the foreclosure proceedings brought against her and in which the lot in question was sold at public auction, no express mention having been made of the house.

In weighing this evidence the court said in its decision of March 31, 1931:

"Defendant's evidence shows that a third person is really the owner of the lot on which stands the house concerned in this action, and although this fact appears from the deed introduced in evidence by defendant, nevertheless this does not destroy the presumption that the owner of a building is the owner of the soil on which it is built.

"In view of the special nature of the summary action of unlawful detainer, the defenses set up by defendant in this case are not valid, inasmuch as there was nothing to prevent the real party in interest from appearing or intervening in some manner in this action."

The three errors assigned by appellant in his brief read as follows:

"1. The court erred in stating that although a third person was really the owner of the lot on which stands the house concerned in this action, nevertheless this does not destroy the presumption that the owner of a building is the owner of the soil on which it is built.

"2. The court erred in not holding that there was a conflict of title between the plaintiff and the defendant's lessor.

"3. The court erred in holding that the defenses set up by the defendant were not valid, inasmuch as there was nothing to prevent the real party in interest from appearing or intervening in some manner in this action."

The appellee admits that the court erred in establishing the presumption to which the first assignment refers, but maintains that the error was not prejudicial. In order to appreciate duly the position of the appellee, it seems advisable to copy from her brief the following:

"According to the evidence taken at the second hearing, it would appear that there is a real conflict of title between the plaintiff and Emilio Cuadra, with respect to the property described in the complaint, and we also agree with the defendant that if plaintiff's cause of action had to do with the possession of the lot only, the court would have committed the error assigned, but there is another very important question of fact and of law.

"On the lot described in the complaint and in the answer there is a house owned by the plaintiff, the title to which is not now and never has been in controversy, nor was anything alleged in the answer with respect to the title or possession thereof.

"The plaintiff alleges that defendant Tomás González is in possession of the said house, which he uses as his residence, and prays the court to decree the eviction of defendant, that is, to enjoin him from using that house as his residence.

"  *      *      *      *      *      *      *

"The appellant has said that the owner of the land owns everything affixed to it, for what is accessory follows what is principal.

"  *      *      *      *      *      *      *

"Carmen Escudero bought the lot and the house existing on it at a judicial sale, and subsequently Cuadra bought the lot belonging to Carmen Escudero, also at a judicial sale, but not the house, which was neither mentioned nor sold in the foreclosure proceedings that culminated in the auction from which Cuadra's title is derived, for the simple reason that when the mortgage was constituted the house now standing on the lot sold did not exist and therefore was not subject to the mortgage obligation sued on."

The mere statement of the foregoing facts and reasoning suffices to arrive at the conclusion that this case involves issues, the decision of which is not proper within the summary

action of unlawful detainer. For this reason, the action should have been dismissed.

It follows that the judgment appealed from must be reversed and substituted by another in the sense indicated, without special imposition of costs.